UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :     **SEALED INFORMATION**
                                    :
        - v. -                      :
                                    :     22 Cr. ____
TREVOR TAYLOR,                      :
                                    :
        Defendant.                  :     22 CRIM 149
                                    :
- - - - - - - - - - - - - - - - - - :
                                    x

**COUNT ONE**
**(Conspiracy to Commit Securities Fraud, Investment Adviser**
**Fraud, and Wire Fraud)**

The United States Attorney charges:

**Relevant Individuals and Entities**

1.    At all times relevant to this Information, Allianz
Global Investors U.S. LLC ("AGI US") was an investment adviser
registered with the United States Securities and Exchange
Commission (the "SEC") and headquartered in New York City.  AGI US
is an indirect, wholly owned subsidiary of Allianz SE, one of the
world's largest financial services companies and one of the world's
largest insurance companies, whose stock trades on the Frankfurt
Stock Exchange.  As of September 2019, AGI US had 291 employees
and approximately $126 billion in assets under management across
a variety of funds.

2.    At all times relevant to the Information, the Structured
Products Group was a group within AGI US consisting of less than

1

a dozen employees who worked on a complex options trading strategy across a series of private investment funds (collectively, the "Structured Alpha Funds," or the "Funds") that were managed by AGI US. By in or about 2020, the Structured Products Group had approximately $12 billion in assets under management across 17 different Structured Alpha Funds.

3. At all times relevant to this Information, TREVOR TAYLOR, the defendant, was a Managing Director of the Structured Products Group and co-lead Portfolio Manager of the Structured Alpha Funds.

4. At all times relevant to this Information, a co-conspirator not named as a defendant herein ("CC-1") was Chief Investment Officer of the Structured Products Group, co-lead Portfolio Manager of the Structured Alpha Funds, and a member of the AGI US Executive Committee.

5. At all times relevant to this Information, a co-conspirator not named as a defendant herein ("CC-2") was a Managing Director of the Structured Products Group and a Portfolio Manager of the Structured Alpha Funds.

## Overview of the Scheme to Defraud

6. From at least in or about 2015 through in or about 2020, TREVOR TAYLOR, the defendant, together with CC-1, CC-2, and others known and unknown, engaged in a scheme to defraud investors in the Structured Alpha Funds by making false and misleading statements

2

to current and prospective investors that substantially understated the risks being taken by the Funds.

**Statutory Allegations**

7.    From at least in or about 2015 through in or about 2020, in the Southern District of New York and elsewhere, TREVOR TAYLOR, the defendant, and others known and unknown, including CC-1 and CC-2, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, namely (a) to commit fraud in the purchase and sale of securities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; (b) to commit investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6(4) and 80b-17, and Title 17, Code of Federal Regulations, Section 275.206(4)-8(a); and (c) to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

Objects Of the Conspiracy

8.    It was a part and an object of the conspiracy that TREVOR TAYLOR, the defendant, and others known and unknown, including CC-1 and CC-2, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive

devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

9.    It was further a part and an object of the conspiracy that TREVOR TAYLOR, the defendant, and others known and unknown, including CC-1 and CC-2, while acting as investment advisers to pooled investment vehicles, willfully and knowingly used the mails and other means and instrumentalities of interstate commerce, directly and indirectly, to make untrue statements of material facts and omitted to state material facts necessary to make the statements made, in light of the circumstances they were made, not misleading, to investors and prospective investors in the pooled investment vehicles, and engaged in acts, practices, and courses of business which were fraudulent, deceptive, and manipulative with respect to investors and prospective investors in the pooled investment vehicles, in violation of Title 15, United States Code, Sections 80b-6(4) and 80b-17, and Title 17, Code of Federal Regulations, Section 275.206(4)-8(a).

10.   It was a further part and an object of the conspiracy that TREVOR TAYLOR, the defendant, and others known and unknown, including CC-1 and CC-2, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>Overt Acts</u>

11.   In furtherance of the conspiracy and to effect the illegal objects thereof, TREVOR TAYLOR, the defendant, and others known and unknown, including CC-1 and CC-2, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about July 2, 2016, CC-1 altered certain daily performance numbers for the Structured Alpha 1000 Plus Fund (the "Altered Daily Performance Data").  For example, CC-1 changed the performance data for August 24, 2015 from -18.26 to -9.26.  On or about July 2, 2016, CC-1 sent the Altered Daily Performance Data by email to AGI US employees based in AGI US's office in New York City and instructed the employees to send the Altered Daily

5

Performance Data to an investor outside of the United States ("Investor-1").  On or about July 4, 2016, the Altered Daily Performance Data was sent to Investor-1.

      b.  On or about November 6, 2016, CC-1 emailed an investor ("Investor-2") a performance update for the Structured Alpha 1000 Fund and the Structured Alpha 1000 Plus Fund.  CC-1's email to Investor-2 included a section on "Greeks," referring to metrics in options trading that are used to assess an option's risk exposure.  CC-1 provided materially inaccurate information as to each of the Greeks.  For example, CC-1 included a "net delta" figure of 22%, although the accurate net delta was approximately 50%.

      c.  On or about May 3, 2019, CC-2 altered four stress test scenarios included in a risk report for the Structured Alpha 500 Fund (the "April 2019 Altered Risk Report").  For example, in the scenario +10% change in equity index value/-50% changed in implied volatility, CC-2 changed the stress test result from -12.06 to -8.06.  On or about May 8, 2019, the April 2019 Altered Risk Report was reformatted and sent to an investor ("Investor-3").

      d.  On or about June 18, 2019, TAYLOR altered certain results of a statistical model designed to project the Funds' performance in specified market conditions, which was contained in excel worksheets that he and CC-1 commonly referred to as expected

value, or EV, sheets (the "June 2019 Altered EV Sheets").   To create the June 2019 Altered EV Sheets, TAYLOR reduced the projected loss figures by approximately 50%. On or about June 18, 2019, TAYLOR emailed the June 2019 Altered EV Sheets to CC-1 so that CC-1 could check TAYLOR's alterations, which TAYLOR and CC-1 intended to show to an investor.

        e.   On or about July 2, 2019, CC-2 altered six stress test scenarios included in a risk report for the Structured Alpha 1000 Plus Fund (the "June 2019 Altered Risk Report").   For example, in the scenario -20% change in equity index value/+300% changed in implied volatility, CC-2 changed the stress test result from 25.29 to 15.29. On or about July 2, 2019, CC-2 emailed the June 2019 Altered Risk Report to an AGI employee based in AGI US's office in New York City. On or about July 9, 2019, the June 2019 Altered Risk Report was reformatted and sent to Investor-1.

        f.   On or about July 10, 2019, TAYLOR made certain alterations to an excel worksheet that contained the current open positions within the Structured Alpha Global Equity 350 Fund (the "Altered Open Positions Worksheet").   For example, TAYLOR altered the strike distance at initiation for a put position, categorized as "Tail Risk Hedge Discretionary," from -45.01% to -24.71%. TAYLOR prepared the Altered Open Positions Worksheet for an investor meeting.

        (Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The United States Attorney further charges:

12.   The allegations contained in paragraphs 1 through 6 and 11 of this Information are repeated and realleged as if fully set forth herein.

13.   From at least in or about 2015 through in or about 2020, in the Southern District of New York and elsewhere, TREVOR TAYLOR, the defendant, together with CC-1, CC-2, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, TAYLOR, CC-1, CC-2 and others known and unknown engaged in a scheme to defraud investors in the Structured Alpha Funds by making false and misleading statements

8

to current and prospective investors that substantially understated the risks being taken with respect to the Funds' investments.

> (Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT THREE
### (Investment Adviser Fraud)

The United States Attorney further charges:

14. The allegations contained in paragraphs 1 through 6 and 11 of this Information are repeated and realleged as if fully set forth herein.

15. From at least in or about 2014 through in or about 2020, in the Southern District of New York and elsewhere, TREVOR TAYLOR, the defendant, while acting as an investment adviser to pooled investment vehicles, willfully and knowingly used the mails and other means and instrumentalities of interstate commerce, directly and indirectly, to make untrue statements of material facts and omitted to state material facts necessary to make the statements made, in light of the circumstances they were made, not misleading, to investors and prospective investors in the pooled investment vehicles, and engaged in acts, practices, and courses of business which were fraudulent, deceptive, and manipulative with respect to investors and prospective investors in the pooled investment vehicles, to wit, TAYLOR, CC-1, CC-2, and others known and unknown,

9

engaged in a scheme to defraud investors and prospective investors in pooled investment vehicles, specifically the Structured Alpha Funds, by making false statements to investors and failing to disclose to investors the true risks being taken with respect to the Funds' investments, including in some cases in violation of their fiduciary duty.

> (Title 15, United States Code, Sections 80b-6(4) and 80b-17;
> Title 17, Code of Federal Regulations, Section 275.206(4)-8;
> Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

16. As a result of committing one or more of the offenses charged in Counts One through Three of this Information, TREVOR TAYLOR, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

### Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 981(a)(1)(C);
        Title 21, United States Code, Section 853(p);
        Title 28, United States Code, Section 2461.)

_____
DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

TREVOR TAYLOR,

Defendant.

## SEALED INFORMATION

22 Cr. _____

(Title 15, United States Code, Sections
78j(b), 78ff, 80b-6(4), & 80b-17; Title 17,
Code of Federal Regulations, Sections 240.10b-
5 & 275.206(4)-8; and Title 18, United States
Code, Sections 2 & 371.)

DAMIAN WILLIAMS
United States Attorney